NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-709

J.P.

vs.

T.O.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

T.O. appeals from the District Court's order extending a civil harassment order.[1]  T.O. argues J.P. failed to present sufficient evidence to meet the burden defined by G. L. c. 258E, § 1.  T.O. also argues the District Court judge failed to make specific factual findings.  Because we agree there was insufficient evidence of three or more willful acts by the defendant aimed at the plaintiff, each with the intent to cause fear, intimidation, abuse, or damage to property, we vacate the order.

---

[1] T.O. also purportedly appealed from the earlier entered ex parte order but that order is not before us.  R.S. v. A.P.B., 95 Mass. App. Ct. 372, 372 n.1 (2019) (and cases cited).  Cf. Tom T. v. Lewis L., 97 Mass. App. Ct. 698, 699 (2020) (and cases cited) (considering c. 209A order; "an ex parte order that is extended at a hearing after notice may not be reviewed independently because that ex parte order has been superseded by the order after notice").

Background.  We summarize the relevant background as follows.  T.O. and J.P. grew up together and lived in the same neighborhood.  After entering high school, T.O. began sending J.P. frequent communications over text and social media platforms.  After J.P. told T.O. that she was going to block him from messaging her, T.O. said he would kill himself if she did so.  J.P. testified that T.O. sent sexually graphic messages to classmates, but that he did not send anything that was sexually graphic to her.  In her affidavit, J.P. also stated that T.O. had threatened her past boyfriends "[i]f they ever hurt me." J.P. also testified that T.O. would attend many of the sporting events at J.P.'s high school even though they attended different schools.  J.P.'s father told T.O. to stop messaging her and she thought she had blocked T.O. from texting or messaging her. Some time later, J.P. was accepted to a local college, and T.O. texted her to congratulate her.  It was at this point that J.P. discovered that she and T.O. had both been accepted to the same local college and both planned on attending the following fall semester.  J.P. testified that none of the three or four texts she received from T.O. after her father told T.O. to stop contacting her were malicious, abusive, or intimidating.

J.P. sought a civil harassment prevention order against T.O. pursuant to G. L. c. 258E.[2] On April 26, 2022, the District Court judge issued an ex parte harassment prevention order and scheduled an extension hearing for ten days thereafter. At the extension hearing on May 6, 2022, the judge heard arguments and received evidence from both parties. J.P. testified regarding the previously mentioned incidents and presented the court with some of the messages she had received from T.O. At the hearing, T.O. argued that J.P. had not, as required by G. L. c. 258E, § 1, presented evidence of three or more acts of willful and malicious conduct aimed at J.P. with the intent to cause fear, intimidation, or abuse. Without making factual findings, the court extended the civil harassment abuse prevention order that day. T.O. filed a timely notice of appeal.

Discussion. In order for a harassment prevention order to issue, J.P. was required to establish by a preponderance of the evidence that she had been harassed by T.O. "To establish harassment, a complainant must prove that the defendant, motivated by cruelty, hostility, or revenge, wilfully committed three or more acts aimed at a specific person, each with the intent to cause that person to experience fear or intimidation, or to cause abuse or damage to property, which, considered

---

[2] J.P. was a minor at the time and filed her complaint and affidavit through her parent.

together, did in fact cause fear, intimidation, abuse, or damage to property." O'Brien v. Borowski, 461 Mass. 415, 426 (2012), citing G. L. c. 258E, § 1. Here, T.O. argues that although the record may support a finding of one such act, namely the threat of self harm, it does not support a finding of three or more.[3] We agree.

The law is clear that each of these three or more acts must be aimed at the plaintiff. There was no evidence presented that the sexually explicit messages presented at the extension hearing were intended by the defendant to reach or be seen by the plaintiff. Similarly, without further details, there is nothing in the record to support the conclusion that the communications from the defendant to the plaintiff's ex-boyfriends were intended to cause fear or intimidation in the plaintiff. Lastly, the defendant's appearance at the local high school sporting events, without more, does not constitute an act intended to cause fear or intimidation in the plaintiff.

---

[3] J.P. counters this argument by stating that, in the alternative, J.P. presented sufficient evidence of criminal harassment under G. L. c. 265, § 43A. This argument was not made to the District Court and we do not see any evidence in the record that the District Court considered whether T.O.'s actions fell within the definition of criminal harassment. Because the trial court did not have the opportunity to hear arguments on this point, we decline to address it. We note, however, that on the record before us, the arguments regarding criminal harassment suffer many of the same difficulties as those regarding civil harassment.

4

This leaves us with only the threat of self harm and the text sent from T.O. congratulating J.P. on her acceptance to a local college after the defendant was blocked from messaging J.P. and was told by J.P.'s father to stop contacting her. Assuming without deciding that both incidents are willful acts motivated by cruelty, hostility, or revenge with the intent to cause the plaintiff to experience fear or intimidation, these constitute only two of the requisite three acts. Finding even two acts on this record is a stretch given J.P.'s testimony that the congratulatory texts were not malicious, abusive, or intimidating. For that reason, there is not sufficient evidence that T.O. committed harassment as defined by G. L. c. 258E, § 1. We do not diminish the potential harm suffered by the plaintiff but, on this record, we must vacate the order entered on May 6, 2022, extending the ex parte civil harassment prevention order.[4] Because we vacate on other grounds, we do not address the defendant's arguments regarding a lack of findings.

The c. 258E harassment prevention order entered May 6, 2022, is vacated. So much of the appeal as purports to be from

---

[4] We understand that the District Court has since further extended the harassment prevention order. This memorandum and order is not intended to address any order other than the extension entered May 6, 2022. It is the parties' prerogative to relitigate any subsequent extension based on our ruling today.

5

the ex parte c. 258E order entered April 26, 2022, is dismissed as moot.

So ordered.

By the Court (Milkey, Walsh & Smyth, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  June 27, 2023.

---

[5] The panelists are listed in order of seniority.